**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILBAR REALTY, INC.,

      Appellant,

        v.

PENNSYLVANIA INFRASTRUCTURE
INVESTMENT AUTHORITY,

      Appellee.

CIVIL ACTION NO. 3:05-CV-0861

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Appellee's Motion to Dismiss (Doc. 9).  For reasons set forth below, I will deny the motion.  The Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

Wilbar Realty, Inc. is the debtor in a Chapter 11 bankruptcy case (Case No. 5-00-01242) pending in the United States Bankruptcy Court for the Middle District of Pennsylvania (the "Bankruptcy Court").  From the date of filing the Bankruptcy Case, on April 7, 2000, Wilbar operated as a debtor-in-possession until October 14, 2003.  On October 14, 2003, the Bankruptcy Court issued an order appointing Robert P. Sheils, Esq., ("Trustee") as trustee for Wilbar.

Prior to the appointment of the trustee, on April 30, 2001, Wilber filed a complaint against Pennsylvania Infrastructure Investment Authority ("PENNVEST") in the Bankruptcy Court seeking to avoid PENNVEST's lien, in an amount in excess of $1,300,000.00, on Wilbar's revenues.  PENNVEST filed a related cross-appeal.  The Bankruptcy Court held proceedings on the motions over four days.  On March 16, 2005,

the Bankruptcy Court issued a decision entering judgment in favor of PENNVEST.

On March 25, 2005, Wilbar filed an a notice of appeal of the Bankruptcy Court's March 16, 2005 order.  The notice of appeal was filed by David A. Harris, Esq., and Kimberly D. Borland, Esq., who had been retained by Wilbar while Wilbar was a debtor-in-possession.  David Harris, Esq., and Kimberly Borland, Esq. had not been retained by the Trustee in connection with this matter, and the Trustee did not file an appeal of the Bankruptcy Court's March 16, 2005 order.  PENNVEST filed a Motion to Dismiss Wilbar's appeal on May 12, 2005.  (Doc. 9.)

On May 19, 2005, United States Bankruptcy Court Judge John J. Thomas approved the application of the Trustee to sell the assets of Wilbar for the amount of $1,625,000.00.

On June 6, 2005, Bankruptcy Judge Thomas, upon application by the Trustee, appointed Kimberly D. Borland, Esq. as special counsel for the Trustee in connection with the prosecution of the present appeal of the Bankruptcy Court's March 16, 2005 decision. (Doc. 20-2, at 1.)

On June 10, 2005, the Trustee filed a motion with the Court seeking permission to join Wilbar's Notice of Appeal.  (Doc. 21.)  I granted the Trustee's motion for joinder on June 30, 2005.  (Doc. 24.)

### DISCUSSION

PENNVEST asserts that no valid timely appeal has been taken from the Bankruptcy Court's March 16, 2005 decision and, therefore, this Court is without jurisdiction to hear Wilbar's appeal.  Specifically, PENNVEST argues that pursuant to

Rule 2012(a) of the Federal Rules of Bankruptcy Procedure[1] the Trustee was automatically substituted in place of Wilbar as a party in the relevant proceeding, and, as such, the Trustee was the only party having standing to appeal the Bankruptcy Court's March 16, 2005 decision.  The parties agree that the Trustee did not file any appeal within the ten-day time limit required by Rule 8002 of the Federal Rules of Bankruptcy Procedure.  Wilbar, however, argues that: (1) its notice of appeal was filed within the ten-day time limit; (2) the appeal cannot be dismissed because the Trustee has ratified Wilbar's Notice of Appeal; and (3) Wilbar is entitled to file the Notice of Appeal on its own behalf as a "person aggrieved" by the Bankruptcy Court's March 16, 2005 decision.

Since I find, for the following reasons, that Wilbar is a "person aggrieved" by the Bankruptcy Court's March 16, 2005 decision, I need not determine whether the Trustee was the only party with standing to appeal or whether the Trustee has ratified Wilbar's Notice of Appeal.

**1.     "Person Aggrieved."**

> The "person aggrieved" rule states that only those whose pecuniary interests are directly and adversely affected by a bankruptcy court order that "diminishes their property, increases their burdens, or impairs their rights," may appeal.

*Krebs Chrysler-Plymouth, Inc. v. Valley Motors*, 141 F.3d 490, 495 (3d Cir. 1998) (citing

---

[1] Rule 2012(a) of the Federal Rules of Bankruptcy Procedure, provides:

> If a trustee is appointed in a Chapter 11 case or the debtor is removed as a debtor in possession in a Chapter 12 case, the trustee is substituted automatically for the debtor in possession in any pending action, proceeding, or matter.

*Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741-42 (3d Cir. 1995) (quoting

*General Motors Acceptance Corp. v. Dykes (In re Dykes)*, 10 F.3d 184, 187 (3d Cir.

1993)).  Whether a party is a "person aggrieved" is ordinarily a question of fact to be

determined by the District Court.  *See Krebs*, 141 F.3d at 495.  Furthermore, the "person

aggrieved" doctrine:

> Exists to fill the need for an explicit limitation on standing
> to appeal in bankruptcy proceedings.  This need springs
> from the nature of bankruptcy litigation which almost
> always involves the interests of persons who are not
> formally parties to the litigation.  In the course of
> administration of the bankruptcy estate disputes arise in
> which numerous persons are to some degree interested.
> Efficient judicial administration requires that appellate
> review be limited to those persons whose interest are
> directly affected.

*Travelers*, 45 F. 3d at 741 (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983).

In support of its contention that Wilbar is a "person aggrieved" by the Bankruptcy

Court's March 16, 2005 decision, Wilbar emphasizes that elimination of PENNVEST's

claim would increase the distributable amount from the sale of Wilbar's assets by at least

$1,300,000.00.

In response, PENNVEST argues that Wilbar has not shown that success on its

appeal would result in a distribution of assets to Wilbar after paying all its obligations.

PENNVEST asserts that Wilbar is not a "person aggrieved" in the absence of such a

showing.  Therefore, PENNVEST seeks, at minimum, that the Court hold a hearing to

develop a record on the issue.  Wilbar counters that the Trustee has filed objections to

the majority of the claims against Wilbar, and that following distribution of the claims

against Wilbar, equity will remain.

I find that the record before the Court adequately demonstrates that Wilbar is a "person aggrieved" by the Bankruptcy Court's March 16, 2005 decision.  Wilbar was not a marginal party in the bankruptcy proceedings.  Rather, Wilbar initiated and litigated the proceedings before the Bankruptcy Court, seeking to avoid PENNVEST's lien on Wilbar's revenues.  The Bankruptcy Court's March 16, 2005 decision, entering judgment in favor of PENNVEST, directly and adversely affects Wilbar.  Further, the Court notes that the present case does not involve a divergence of interests between the Trustee and previous debtor-in-possession.  The Trustee, in this case, has applied to have Wilbar's counsel appointed as special counsel for the Trustee in connection with the prosecution of this appeal; and the Trustee has also sought to join Wilbar's Notice of Appeal.

## CONCLUSION

Wilbar is a "person aggrieved" by the Bankruptcy Court's March 16, 2005 decision and, therefore, the Court has jurisdiction to hear Wilbar's timely filed appeal.

An appropriate order follows.

 March 10, 2006                                    /s/ A. Richard Caputo
Date                                                        A. Richard Caputo
                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILBAR REALTY, INC.,

     Appellant,

        v.

PENNSYLVANIA INFRASTRUCTURE
INVESTMENT AUTHORITY,

     Appellee.

NO. 3:05-CV-0861

(JUDGE CAPUTO)

## ORDER

    **NOW**, this ___10th___ day of March, 2006, **IT IS HEREBY ORDERED** that:

Appellee's Motion to Dismiss (Doc. 9) is **DENIED**.


      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge